IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

United States Courts
Southern District of Texas
FILED
SEP 25 2023
Nathan Ochsner, Clerk of Court

UNITED STATES OF AMERICA, ex rel.
DEIDRE GENTRY

PLAINTIFF

VS.

CIVIL ACTION NO. 4:23CV1291

§§ 3729-32

FILED IN CAMERA UNDER SEAL
PURSUANT TO 31 U.S.C.

JURY TRIAL DEMANDED

ENCOMPASS HEALTH REHABILITATION
DEFENDANT

## CORRECTED ORIGINAL COMPLAINT

Qui tam relator Deidra Gentry ("Relator"), by her undersigned attorneys, hereby alleges as follows:

1. This is a civil action brought on behalf of the State of Texas, the United States of America and one or more of its Cabinet Departments, including, but not limited to, the United States Department of Health and Human Services ("HHS") against Encompass Health Rehabilitation, ("Defendant") to recover damages and civil penalties under the False Claims Act, 31 U.S.C. §§3729-3733, as amended by the False Claims Act Amendments of 1986, 42 U.S.C. §1320a-7b, 42 U.S.C. § 1395 (nn), the Fraud Enforcement and Recovery Act of 2009, and the Patient Protection and Affordable Care Act of 2010. Relator has complied with 31 U.S.C. § 3730-(b)(2) sent to the United States Attorney, and the Texas Attorney General a statement of all material evidence and information related to this Complaint prior to filing the complaint. This Disclosure is supported by material evidence known to the Relator establishing the existence of the Defendant's false claims.

1

Because the Disclosure Statement includes attorney-client communications and work product of Relator's attorney to the Attorney General, the US Attorney, and the respective Attorney General of the Plaintiff State (Texas) in their capacity as potential co-counsel in this litigation, Relator understands the disclosure to be confidential. Prior to the filing of this suit the facts and circumstances which give rise to Defendants' violations of the False Claims Act as well as the state *qui tam* violations, have not been publicly disclosed in a criminal, civil, or administrative hearing, nor in any congressional, administrative, or General Accounting Office report, hearing, audit, or investigation, nor in the news media.

## VENUE AND JURISDICTION

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1391 (b) and (c) and 31 U.S.C. §3732(a) and§ 3730 (b), as well as 28 U.S.C. § 1345 and§ 1331 and§1367 (a).

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) and 31 U.S.C. § 3732(a). Defendants were doing business in this district during the relevant time period, and the claims set forth in this Complaint arose, at least in part, in this district.

## THE PARTIES

4. The real parties in interest to the claims set forth herein are the United States of America, and the State of Texas.

5. Qui tam relator Deidra Gentry is a United States citizen and a resident of the State of Texas who worked for Defendant(s) throughout the relevant time period October 5, 2022 through March 24, 2022 and witnessed numerous instances of fraudulent practices adopted by Defendants. Specifically, relator witnessed nonclinical personnel causing admissions for service with Encompass that were later reimbursed by the Government in violation of Medicare guidelines for reimbursement, and Relator also witnessed clients being admitted for services without "clinicals" also in violation of Medicare guidelines for reimbursement. Relator is an "original

source" within the meaning of 31 U.S.C. § 3730(E)(4)(B) and the Texas Medicaid Act and states that to her knowledge the information contained herein concerning Defendant's False Claims Act violations has not been publicly disclosed prior to the filing of this suite. Plaintiff/Relator brings this suit on behalf of the United States pursuant to 31 U.S.C. § 3730, 42 U.S.C. § 1395 (nn), and 42 U.S.C. § 1320(a)-7(b). This scheme caused false claims to these federal healthcare program patients including Medicare/Medicaid. Relator contends that the fraud is systematic and widespread throughout Defendants' course of business.

6. Defendant Encompass ("Defendant") provides inpatient rehab services to patients throughout the country.

## LAW

7. The False Claims Act (FCA) provides in pertinent part that: Any person who (A) knowingly presents, or causes to be presented a false or fraudulent claim or payment or approval; (B) knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim; (C) conspires to commit a violation of [the Act]; ... or (g) knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the Government, or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the Government is liable to the United States Government for a civil penalty of not less than $12,537 and not more than $25,076 plus 3 times the amount of damages which the Government sustains because of the act of that person. For purposes of this section, the terms "knowing" and "knowingly" (A) mean that a person, with respect to information (i) has actual knowledge of the information; (ii) acts in deliberate ignorance of the truth or falsity of the information; or (iii) acts in reckless disregard of the truth or falsity of the information; and (B) require no proof of specific

3

intent to defraud. 31 U.S.C. § 3729. 42 U.S.C. § 1320 (a)-7(b) ("the Federal Anti-Kickback Act), prohibits a person or firm from providing or soliciting remuneration as an inducement for referrals of Medicare, Medicaid, or other healthcare program patients. 42 U.S.C. § 1395 (nn) prohibits self-referrals, and more specifically prohibits a physician from making certain referrals to entities with which the physician has a financial relationship. Claims submitted to federal healthcare programs based on referrals obtained in violation of the Anti-Kickback Act are false claims under the False Claims Act and all amounts paid by these programs as reimbursement for such claims constitute damages under the False Claims Act.

## PLANS

### MEDICARE

8. Medicare is a government financial health insurance program administered by the Social Security Administration of the United States. Medicare was promulgated to provide payment for medical services, durable medical equipment, and other related health-related items for individuals 65 and over. Medicare also makes payment for certain health services provided to additional classes of certain individual healthcare patients pursuant to federal regulations. The United States, through the Department of Health and Human Services ("HHS") and its component agency, the Centers for Medicare and Medicaid Services ("CMS") administers the Medicare Part A and Medicare Part B programs. Generally, hospitals are reimbursed through the Medicare Part A program, and physicians are reimbursed through the Medicare Part B program.

9. Hospitals, and physicians who participate in the Medicare program, as well as other federal healthcare programs, are required to enter into contracts or "provider agreements" with HHS. Under the terms of these provider agreements, hospitals, physicians, hospice providers, and other participating healthcare providers certify that they will comply with all laws, regulations, and guidance concerning proper practices for Medicare providers. Compliance with these

4

provider agreements is a condition for participation in, and receipt of payments from, the Medicare program.

MEDICAID

10. The federal government enacted the Medicaid program in 1965 as a cooperative undertaking between the federal and state governments to help the states provide health care to low-income individuals. The Medicaid program pays for services pursuant to plans developed by the states and approved by the U.S. Department of Health and Human Services ("HHS") Secretary through the Center for Medicare and Medicaid Services ("CMS"). See 42 U.S.C. § 1396a(a)-(b). States pay doctors, hospitals, pharmacies, and other providers and suppliers of medical items and services according to established rates. See 42 U.S.C. § 1396b(a)(1), 1903(a)(1). The federal government then pays each state a statutorily established share of "the total amount expended as medical assistance under the State plan..." See 42 U.S.C. § 1396b(a)(1). This federal-to-state payment is known as federal financial participation ("FFP"). Hospitals, and physicians who participate in the Medicaid program, as well as other federal healthcare programs, are required to enter contracts or "provider agreements" with HHS. Under the terms of these provider agreements, hospitals, physicians, hospice providers, and other participating healthcare providers certify that they will comply with all laws, regulations, and guidance concerning proper practices for Medicaid providers. Compliance with these provider agreements is a condition for participation in, and receipt of payments from, the Medicaid program.

## BACKGROUND.

11. Encompass provides inpatient rehab services with its various location to residents throughout Texas and the nation.

12. In addition, certain of the Defendant entity's members, managers, directors, and personnel were aware of many of the allegations giving rise to this Complaint, including

5

knowingly creating, developing, and propagating schemes to defraud government payors. As a result of the acts and omissions complained of in this Complaint, the Defendant entity is liable, for all relief sought herein by Plaintiff.

## SPECIFIC SCHEME

13. Qui tam relator Deidra Gentry is a United States citizen and a resident of the State of Texas who worked for Defendant from on or about October 2022 to March 2023.

14. Relator witnessed nonclinical personnel causing admissions for service with Encompass that were in violation of Medicare guidelines for reimbursement; Relator also witnessed clients being admitted for services without no "clinicals" also in violation of Medicare guidelines for reimbursement; and relator witnessed patients admitted w no medical necessity. As part of the fraudulent scheme, the clinicals were not evaluated prior to admission. For example, on or about Nov. 2022, a patient with D.O.B 1/8/1941 was a "psych" patient who could not participate in daily therapy yet she was skilled for 12 days costing the Government approximately $20,000. For example, on or about, February 23, 2023, patient J.V. was admitted for reimbursement by the Government based on the submission of relator who has no clinical background. The Government reimbursed Encompass for this submission.

## COUNT I

Claim By and on Behalf of the United States under the False Claims Act (Presenting False Claims).

15. Plaintiff re-alleges and incorporate by reference paragraphs 1 through 14 as though fully set forth herein.

16. This is a claim under the False Claims Act, 31 U.S.C. §§ 3729-33, as amended.

17. Relators have standing to maintain this action by virtue of 31 U.S.C. §§

3730(b).

18.     The False Claims Act, 31 U.S.C. § 3729(a)(1) and (2), imposes liability upon, *inter alia*, those who knowingly cause to be presented to an officer or employee of the United States, to include state Medicaid systems as federal grantees under 31 U.S.C. § 3729I, false claims for payment or approval. It also imposes liability on those who conspire to get false claims paid. 31 U.S.C. § 3729(a)(3).

19.     By virtue of the acts described herein, Defendants knowingly presented or caused false or fraudulent claims for payment, or knowingly caused false or fraudulent claims for payment to be presented, to officials of the United States Government in violation of 31 U.S.C. § 3729(a)(1)(A), as amended.

20.     Because the United States would not have paid for the aforementioned products which it knew to have been the result of illegal inducements, the United States has been harmed in an amount equal to the value paid by the United States, directly or indirectly through State Medicaid programs.

21.     By virtue of the false claims presented or caused to be presented by Defendants, the United States has suffered actual damages and is entitled to recover three times the amount by which it is damaged, attorneys' fees and costs, plus civil money penalties of not less than $5,500 and not more than $11,000 for each of the false claims presented or caused to be presented, and other monetary relief as appropriate.

## COUNT II

Claim By and on Behalf of the United States under the False Claims Act (False Records or Statements).

22.     Plaintiff re-alleges and incorporate by reference paragraphs 1 through 27 as though fully set forth herein.

23.     This is a claim on behalf of the United States under the False Claims Act, 31

U.S.C. §§ 3729-33, as amended.

24. Relator has standing to maintain this action by virtue of 31 U.S.C. § 3730(b).

25. By virtue of the acts described above and Defendants use of, or activities causing to be used, false records and statements to get false and fraudulent claims paid and approved by the Government, Defendants caused to be made or used false records or statements to get false or fraudulent claims paid or approved by an agency of the United States Government, in violation of 31 U.S.C. § 3729(a)(1)(B).

26. By virtue of the false claims presented or caused to be presented by Defendants, the United States has suffered actual damages and is entitled to recover three times the amount by which it is damaged, attorney's fees and costs, plus civil money penalties of not less than $5,500 and not more than $11,000 for each of the false claims presented or caused to be presented, and other monetary relief as appropriate.

## COUNT III

Claim By and on Behalf of the United States under the False Claims Act (Conspiracy to Submit False Claims).

27. This is a claim on behalf of the United States under the False Claims Act,

31 U.S.C. §§ 3729-33, as amended.

28. Plaintiff re-alleges and incorporate by reference paragraphs 1 through 33 as though fully set forth herein.

29. By reason of the foregoing with respect to Defendant's fraudulent scheme, Defendants conspired together, and with others, to defraud the government in order to get false or fraudulent claims paid by Medicaid, in violation of 31 U.S.C. 31 U.S.C. § 3729 (a)(1)(C), as amended. In furtherance of the conspiracy, Defendants acted to affect the objects of the conspiracy alleged herein.

30. By virtue of the false claims presented or caused to be presented by Defendants pursuant to this conspiracy, and by virtue of the false statements made in furtherance of this conspiracy, the United States has suffered actual damages and is entitled to recover three times the amount by which it is damaged, plus civil-money penalties of not less than $5,500 and not more than $11,000 for each of the false claims presented or caused to be presented, and other monetary relief as appropriate.

## COUNT V
## VIOLATIONS OF TEXAS MEDICAID FRAUD PREVENTION ACT "TMFPA"

31. The aforementioned allegations are realleged as if fully set forth herein.

32. This is a qui tam action brought pursuant to by Relator Gentry on behalf of herself and the State of Texas to recover damages and civil penalties under the Texas Medicaid Fraud Prevention Act "("TMPA") including 36.052 and Defendants violated the TMFPA including but not limited to the following respects:

Defendants violated Sec. 36.002

A person commits an unlawful act if the person:

(1) knowingly makes or causes to be made a false statement or misrepresentation of a material fact to permit a person to receive a benefit or payment under the Medicaid program that is not authorized or that is greater than the benefit or payment that is authorized;

(2) knowingly conceals or fails to disclose information that permits a person to receive a benefit or payment under the Medicaid program that is not authorized or that is greater than the benefit or payment that is authorized;

(3) knowingly applies for and receives a benefit or payment on behalf of another person under the Medicaid program and converts any part of the benefit or payment to a use other than for the benefit of the person on whose behalf it was received;

(4). knowingly makes, causes to be made, induces, or seeks to induce the making of a false statement or misrepresentation of material fact concerning:

(A the conditions or operation of a facility in order that the facility may qualify for

9

certification or recertification required by the Medicaid program, including certification or recertification as:......

(B) information required to be provided by a federal or state law, rule, regulation or provider agreement pertaining to the Medicaid program.

a. Section 36.052 (a) Except as provided by Subsection (c), a person who commits an unlawful act is liable to the state for:

(1) The amount of any payment or the value of any monetary or in-kind benefit provided under the Medicaid program, directly, or indirectly, as a result of the unlawful act, including any payment made to a third party;

(2) Interest on the amount of the payment or the value of the benefit described by Subdivision (1) at the prejudgment interest rate in effect on the day the payment or benefit was received or paid, for the period from the date the benefit was received or paid to the date that the state recovers the amount of the payment or value of the benefit;

(3) A civil penalty of

(A) Not less than $5,500 or the minimum amount imposed as provided by 31 U.S.C. 3729(a), if that amount exceeds $5,500, and not more than $15,000 or the maximum amount imposed as provided by 31 U.S.C. Section 3719(a), if that amount exceeds

$15,000 for each unlawful act committed by the person that results in the injury to an elderly person, as defined by Section 48.002(a)(1), a person with a disability, as defined by 48.002(a)(8)(A) or. A person younger than 18 years of age; or

(B) Not less than $5,500 or the minimum amount imposed as provided by 31 U.S.C. Section 3729(a); if that amount exceeds $5,500, and not more than $11,000 or the maximum amount imposed as provided by 31 U.S.C. Section 3729(a), if that amount exceeds
$11,000 for each unlawful act committed by the person that does not result in injury to a person described by Paragraph (A); and

(4) Two times the amount of the payment or the value of the benefit described by Subdivision (1).

This Court is requested to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 (a) and 31 U.S.C. § 3732(b) or pendent jurisdiction over this state-law claim as it is predicated upon the same facts as the federal claim asserted in Count 1, and so forms part of the same case or controversy.

10

## PRAYER FOR RELIEF

**WHEREFORE,** the United States demands and prays that judgment to be entered in favor of the United States:

1. On Counts I-III, under the False Claims Act, against Defendants for triple the amount of the United States' actual damages (including investigative costs), plus civil penalties are as allowed by law for each false claim or record and for all costs of this civil action.

2. For all costs and attorney's fees of this civil action; and

3. For such other and further as the Court deems just and equitable.

**WHEREFORE,** Relators demand and pray that judgment be entered in their favor;

1. On Counts I-III, under the False Claims Act, for the maximum percentage of all civil penalties and damages obtained from Defendant pursuant to 31 U.S.C. §3730, reasonable attorney's fees, and all costs and expenses incurred against Defendant; and

2. Such other relief as the Court deems just and proper.

On the TMFPA Relator requests:

1. That the Court enter judgment against Defendants in the maximum amount of remedies available under the State of Texas over which the Court accepts jurisdiction, to include any multipliers provided in such Acts;

2. That the Court enter judgment against Defendants for the maximum amount of civil penalties in favor of the State whose False Claims Acts provide for such relief, together with such state's costs of this action;

3. That Relator be awarded all costs, attorney's fees, and litigation expenses;

4. That the State and Relator receive all relief, both at law and in equity, to

11

which they may reasonably appear entitled.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a Jury as to all issues and counts so triable as a matter of right.

Respectfully submitted on April 6, 2023

/s/Volney Brand
**Volney Brand Law PLLC**
3626 N Hall, Ste 610
Dallas, TX 75219
Telephone: 214-932-1472
Fax: 214-932-1473

-AND-

Keith B. French
Bar No. 24115073
**KEITH B. FRENCH LAW, PLLC**
2010 E. Broadway St, Suite 132
Pearland, TX 77581
kfrench@peoplefirstfirm.com
Tel: 832-243-6153
Fax: 832-243-1927

**ATTORNEYS FOR RELATOR**

## CERTIFICATE OF SERVICE

Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW Washington, DC 20530-0001

U.S. Attorney's Office Houston, Tx